06-81139

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CIV-HURLEY

Z.HOPKINS

CIV-HURLEY

LINDA LEWIS, as mother and personal representative
of the Estate of her son, Donald George Lewis,
Deceased,

        Plaintiff,

vs.                                                                      Case No.:

CITY OF WEST PALM BEACH, FLORIDA;
RAYMOND SHAW, Police Officer for the City of West Palm
Beach Police Department, in his individual capacity;
ROBERT LEROY ROOT, III, Police Officer for the City of
West Palm Beach Police Department, in his individual capacity;
RANDALL MAALE, Police Officer for the City of West Palm
Beach Police Department, in his individual capacity;
THELTON LUKE, Police Officer for the City of West Palm
Beach Police Department, in his individual capacity;
AUDREY DUNN, Police Officer for the City of West Palm
Beach Police Department, in his individual capacity;
LANGLEY PRODUCTIONS, d/b/a "COPS" Television Show;
DANNY JEFFREY, an individual and
ZACH RAGSDALE, an individual.



        Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, LINDA LEWIS, as mother and personal representative of the Estate of

her son, Donald George Lewis, Deceased, by and through undersigned counsel, herein

sues Defendants, CITY OF WEST PALM BEACH;  (hereafter referred to as "CITY OF

WEST PALM BEACH"); RAYMOND SHAW (hereafter referred to as "SHAW"), a

Police Officer for the City of West Palm Beach, Florida, in his individual capacity;

ROBERT LEROY ROOT, III; (hereafter referred to as "ROOT") a Police Officer for the

City of West Palm Beach, Florida, in his individual capacity; RANDALL MAALE,

(hereafter referred to as "MAALE") a Police Officer for the City of West Palm Beach, Florida, in his individual capacity; THELTON LUKE; (hereafter referred to as "LUKE") a Police Officer for the City of West Palm Beach, Florida, in his individual capacity; and AUDREY DUNN; (hereafter referred to as "DUNN") a Police Officer for the City of West Palm Beach, Florida, in his individual capacity; LANGLEY PRODUCTIONS, d/b/a "COPS" Television show (hereafter referred to as "LANGLEY"); DANNY JEFFREY (hereafter referred to as "JEFFREY"), an individual and ZACH RAGSDALE, (hereafter referred to as "RAGSDALE"), an individual and alleges as follows:

## INTRODUCTORY STATEMENT

1.     This is an action brought by Plaintiff LINDA LEWIS, on behalf of the estate of DONALD GEORGE LEWIS, a deceased United States citizen, who was the victim of the unlawful use of deadly force by the following Defendant Police Officers of the CITY OF WEST PALM BEACH, FLORIDA; ("CITY OF WEST PALM BEACH") a political subdivision of the State of Florida; including Police Officer RAYMOND SHAW, ("SHAW") individually; Police Officer ROBERT LEROY ROOT, III, ("ROOT") individually; Police Officer RANDALL MAALE, ("MAALE") individually; Police Officer THELTON LUKE, ("LUKE") individually; and Police Officer AUDREY DUNN, ("DUNN") individually.   LEWIS also brings an action for wrongful death against Defendant LANGLEY PRODUCTIONS ("LANGLEY") d/b/a "COPS" Television Show; Defendant DANNY JEFFREY ("JEFFREY") and Defendant ZACH RAGSDALE ("RAGSDALE").

2.     Plaintiff, on behalf of her deceased son, alleges violations of his federal civil rights, specifically his Fourth and Fourteenth Amendment right to be free from

seizures rendered unreasonable by a law enforcement officer's unjustifiable use of deadly and thus excessive force. Plaintiff also alleges on behalf of her son that the Defendant law enforcement officers committed wrongful death under Florida State law. Plaintiff also alleges on behalf of her son that the Defendant LANGLEY PRODUCTIONS, by and through the acts and omissions of their agents and employees, namely Defendants JEFFREY and RAGSDALE, committed wrongful death under Florida State law. Plaintiff seeks declaratory and compensatory relief, punitive damages, and all costs including her attorney's fees.

3.      Plaintiff alleges that Defendant Police Officers SHAW, ROOT, MAALE, LUKE and DUNN, unlawfully caused through the use of excessive deadly force, the unlawful restraint and death of DONALD GEORGE LEWIS, in violation of his Federal Constitutional rights and the laws of the State of Florida. Plaintiff alleges that Defendant Police Officers' SHAW, ROOT, MAALE, LUKE and DUNN, and Defendants LANGLEY, JEFFREY and RAGSDALE, through their acts and omissions, indirectly and directly were the proximate cause of the death of DONALD GEORGE LEWIS on October 19, 2005.

4.      Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly the provisions of § 768.28, Florida Statutes. A copy of Plaintiff's notice letter is attached hereto as Exhibit "A".

## JURISDICTION AND VENUE

5.      This action arises under and is brought pursuant to 42 U.S.C. §1983 and § 1988 and Florida common law. Jurisdiction is founded on 28 U.S.C. §1331 and § 1343,

and Plaintiff relies on this Court's supplemental jurisdiction over the state law of wrongful death claim as provided by 28 U.S.C. §1367.

6.      This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

7.      This Court has subject matter jurisdiction over the wrongful death action against LANGLEY, JEFFREY and RAGSDALE based upon diversity of citizenship and amount in controversy pursuant to Title 28 U.S.C. § 1332.

8.      This Court has personal jurisdiction over Defendants LANGLEY PRODUCTIONS, d/b/a "COPS" Television show (hereafter referred to as "LANGLEY"); DANNY JEFFREY (hereafter referred to as "JEFFREY"), an individual and ZACH RAGSDALE, (hereafter referred to as "RAGSDALE"), an individual because Defendants' acts and omissions were performed solely in Palm Beach County, Florida, Southern District of Florida.  Defendants' business was clearly conducted in Florida and there exists sufficient minimum contacts within the forum state for Defendants LANGLEY, JEFFREY and RAGSDALE to anticipated being haled into court in the State of Florida.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2), since a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

10.      Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§2201 and 2202 and Federal Rule Civil Procedure, Rule 57.

11.      All incidents material to this action occurred in Palm Beach County, Florida, Southern District of Florida.  Therefore, venue is proper under 28 U.S.C. §1391(b) and Local Rule 3.1(F).

4

## THE PARTIES

12.    Plaintiff, LINDA LEWIS is an adult United States citizen and, at all relevant times, was a resident of the Palm Beach County, Southern District of Florida. Plaintiff LINDA LEWIS will shortly be appointed Personal Representative of the Estate of DONALD GEORGE LEWIS by Letters of Administration filed in the Circuit Court for West Palm Beach County, Florida, Probate Division.  The Estate is a beneficiary under Florida's Wrongful Death Act and is entitled to recover damages under 42 U.S.C. 1983.

13.    Plaintiff LINDA LEWIS is the natural parent of DONALD GEORGE LEWIS and is entitled to maintain a cause of action for the permanent loss of her familial relationship with him, and for her pain and suffering under 42 U.S.C. 1983.  She is also DONALD GEORGE LEWIS' "survivor" under Florida's Wrongful Death Act, and is therefore a beneficiary under the Act.

14.    Defendant CITY OF WEST PALM BEACH, Florida is a City in the State of Florida who employs police officers to enforce the law and protect its law-abiding citizens.  Defendant CITY OF WEST PALM BEACH can be served by sending summons and complaint to Ms. Lois J. Frankel, Mayor of the City of West Palm Beach, 200 2nd Street, West Palm Beach, Florida 33401.

15.    Defendant, SHAW, at all times material hereto, was employed as a police officer with the Defendant CITY OF WEST PALM BEACH, Florida Police Department and at all times material was acting under the color of law and was a willing participant in joint activity with the State of Florida and its agents.  Defendant SHAW can be served

at West Palm Beach Police Department located at 600 Banyan Blvd., West Palm Beach, Florida 33401.

16.     Defendant, MAALE, at all times material hereto, was employed as a police officer with the Defendant CITY OF WEST PALM BEACH, Florida Police Department and at all times material was acting under the color of law and was a willing participant in joint activity with the State of Florida and its agents.  Defendant MAALE can be served at West Palm Beach Police Department located at 600 Banyan Blvd., West Palm Beach, Florida 33401.

17.     Defendant, ROOT, at all times material hereto, was employed as a police officer with the Defendant CITY OF WEST PALM BEACH, Florida Police Department and at all times material was acting under the color of law and was a willing participant in joint activity with the State of Florida and its agents.  Defendant ROOT can be served at West Palm Beach Police Department located at 600 Banyan Blvd., West Palm Beach, Florida 33401.

18.     Defendant, LUKE, at all times material hereto, was employed as a police officer with the Defendant CITY OF WEST PALM BEACH, Florida Police Department and at all times material was acting under the color of law and was a willing participant in joint activity with the State of Florida and its agents.  Defendant LUKE can be served at West Palm Beach Police Department located at 600 Banyan Blvd., West Palm Beach, Florida 33401.

19.     Defendant, DUNN, at all times material hereto, was employed as a police officer with the Defendant CITY OF WEST PALM BEACH, Florida Police Department and at all times material was acting under the color of law and was a willing participant

in joint activity with the State of Florida and its agents.  Defendant DUNN can be served at West Palm Beach Police Department located at 600 Banyan Blvd., West Palm Beach, Florida 33401.

20.    Defendant, LANGLEY, at all times material hereto, was the corporation who was operating a film crew by and through its agents and employees to film the television show "COPS" in West Palm Beach, Florida during the week of October 19, 2005.  LANGLEY is a California corporation and is located and can receive service of process at 1111 Broadway, Santa Monica, CA 90401.  At all times material, the agents and employees of Defendant LANGLEY acted as willing participants in joint activity with the State of Florida and its agents through its acts and omission and thereby directly and/or indirectly contributed to the proximate cause of death of DONALD GEORGE LEWIS on October 19, 2005.

21.    Defendant, JEFFREY, at all times material hereto, is a citizen of the state of California, who filmed an episode of the television show "COPS for Defendant LANGLEY in West Palm Beach, Florida during the week of October 19, 2005. JEFFREY is a California citizen and can receive service of process at 1111 Broadway, Santa Monica, CA 90401.  At all times material, Defendant JEFFREY acted as a willing participant in joint activity with the State of Florida and its agents through and by his acts and omissions and thereby directly and/or indirectly contributed to the proximate cause of death of DONALD GEORGE LEWIS on October 19. 2005.

22.    Defendant, RAGSDALE, at all times material hereto, is a citizen of the state of California, who filmed an episode of the television show "COPS" for Defendant LANGLEY in West Palm Beach, Florida during the week of October 19, 2005.

7

RAGSDALE is a California citizen and can receive service of process at 1111 Broadway, Santa Monica, CA 90401.  At all times material, Defendant RAGSDALE acted as a willing participant in joint activity with the State of Florida and its agents through and by his acts and omissions and thereby directly and/or indirectly contributed to the proximate cause of death of DONALD GEORGE LEWIS on October 19, 2005.

## ALLEGATIONS COMMON TO ALL COUNTS

23.    Prior to his death on October 19, 2005, DONALD GEORGE LEWIS was a resident of West Palm Beach, Florida.

24.    On Wednesday, October 19, 2005, just prior to 0119 hours, DONALD GEORGE LEWIS was reported by concerned citizens calling 911, to be in the area of the 600-700 block of 45th Street and Broadway, in West Palm Beach, Florida seeking help from unknown individuals stating that people were "trying to kill him." LEWIS was reported on 45th Street and Broadway, wearing no shirt, and attempting to seek help by flagging down passing vehicles.

25.    On Wednesday, October 19, 2005, at approximately 0119 hours, Defendant Officer SHAW arrived via his Shift Commander's marked squad car along with camera-crew Defendants JEFFREY and RAGSDALE from Defendant LANGLEY, who were filming the television show "COPS", at the location of the 600-700 blocks of 45th Street and Broadway.  Defendant Officer SHAW was traveling east bound on 45th Street when he came upon LEWIS on the side of the road waving his arms and hands attempting to flag down individuals for help.  Defendant Officer SHAW was riding in his Shift Commander's squad car because he needed extra room for the film crew from Defendant LANGLEY.

8

26.     At approximately 0119 hours, Defendant Officer SHAW exited his marked Shift Commander's squad car followed by Defendant JEFFREY and Defendant RAGSDALE, as agents and employees of Defendant LANGLEY, who immediately began filming the event as part of the television show "COPS". Defendant Officer SHAW proceeded to approach LEWIS in front of his squad car and immediately ordered LEWIS on the ground.  LEWIS immediately acknowledged Defendant SHAW as an officer and begged for Defendant SHAW'S help.

27.     Defendant Officer SHAW immediately ordered LEWIS to get down on the ground and immediately asked, "What have you been smoking?" LEWIS repeatedly begged with Defendant Officer SHAW for help and stated someone was trying to "get him" or "hurt him".  LEWIS was in obvious and noticeable distress and proceeded to get up and run into the westbound lanes of 45th Street attempting to seek help from other vehicles passing by that location.  At this point in time, Defendant Officer SHAW attempted to get LEWIS back off the street and out of traffic.  Defendant Officer SHAW then proceeded to grab and tackle LEWIS from behind, violently take LEWIS down to the ground by placing LEWIS in an illegal chokehold around his throat and head. Defendant Officer SHAW then proceeded to place handcuffs on LEWIS and secure him in the middle of 45th Street.  Defendants JEFFREY and RAGSDALE from the TV show "COPS" were filming all of these events and even assisted in the subduing of LEWIS by placing their knees on the back of LEWIS' neck, legs and shoulder blade area.

28.     Sometime shortly after Defendant Officer SHAW'S arrival and confrontation with LEWIS, Defendant Officer ROOT arrived on scene and jumped in to assist Defendant Officer SHAW with handcuffing, subduing and restraining LEWIS.

Defendant ROOT and Defendant SHAW eventually handcuffed LEWIS behind his back while he was still lying in the middle of 45th Street, after Defendant SHAW caused LEWIS to briefly lose consciousness from an illegal choke hold around his throat, neck and head. Defendants JEFFREY and RAGSDALE from the TV show "COPS" were filming all of these events and assisted in the subduing of LEWIS by placing their knees on the back of LEWIS' neck, legs and shoulder blade area.

29.     Sometime shortly after Defendant Officer SHAW'S and Defendant Officer ROOT'S restraint of LEWIS, Defendant Officer LUKE arrived on scene and proceeded to assist Defendant Officer SHAW and Defendant Officer ROOT with attempting to restrain and hobble tie the legs of LEWIS. While the Defendant Officers were attempting to further restrain LEWIS' legs with additional restraints, Defendants JEFFREY and RAGSDALE directly participated and assisted the Defendant Officers by placing their knees in the back of LEWIS thereby restraining him from further movement. Defendants JEFFREY and RAGSDALE from Defendant LANGLEY, were filming all of these events.

30.     Eventually, Defendant Officers SHAW, ROOT and LUKE picked LEWIS up by the arms and legs and carried him to the south sidewalk area of 45th Street and placed him face down on the concrete.

31.     At this time, LEWIS was begging for help, pleading: "Help me, the police are killing me".

32.     After a few more minutes past, Defendant Officer DUNN arrived on scene to assist Defendant Officers SHAW, ROOT and LUKE with hobble-tying LEWIS'

handcuffed hands to his shackled feet via a hobble-restraint device used by the Defendant CITY OF WEST PALM BEACH, and its Defendant Officers.

33.     At the same time, Defendant Officer Sgt. MAALE arrived on scene to witness and give direction and orders to the other Defendant Officers SHAW, ROOT, LUKE and DUNN.   Defendant Officers SHAW, ROOT, LUKE and DUNN then proceeded, with unreasonable and excessive use of deadly force, to brutally, forcefully and violently pick LEWIS up by the feet and slam him, face, head and neck first, into the ground and pinning him there by keeping their knees imbedded in the back of LEWIS' neck and back while continuing to apply tremendous physical pressure on LEWIS' body. The violent and forceful blow as well as the unreasonable and excessive use of deadly force used to restrain and hobble-tie LEWIS' hands and feet together were the direct cause of his death.

34.     During these events as described herein, Defendants JEFFREY and RAGSDALE had the present and apparent ability to take appropriate defensive actions to assist LEWIS and save LEWIS' life, but instead they merely stood by and watched his death occur.

35.     After using the excessive use of deadly force and restraint, Defendant Officers SHAW, ROOT, LUKE and DUNN realized LEWIS was no longer conscious or breathing.   In fact, Defendant Officer Sgt. MAALE asked the question:   "Have we reached a state of unconsciousness yet?"   Sgt. MAALE then stated:   "It looks like we have reached a state of unconsciousness."   At this point in time, Defendant Officer Sgt. MAALE, radioed for medical assistance and ordered the other Defendant Officers

11

SHAW, ROOT, LUKE and DUNN to remove the hobble-tie and restraints in order to check for vital signs and attempt to provide medical assistance.

36.     After fire department personnel, paramedics and EMT's arrived on scene, LEWIS was transported via ambulance to St. Mary's Hospital at approximately 0158 hours.   At approximately 0209 hours, Dr. Francis Rodriguez of St. Mary's Hospital pronounced LEWIS dead.   The Medical Examiner of Palm Beach, County Florida, Doctor Bell, scheduled an autopsy that same day at 1000 hours.

**COUNT I**
**PLAINTIFF LEWIS' CUSTOM, POLICY AND PRACTICE**
**CLAIM AGAINST CITY OF WEST PALM BEACH, FLORIDA**
**COGNIZABLE UNDER TITLE 42 U.S.C. § 1983**

For this cause of action against Defendant CITY OF WEST PALM BEACH, in Count I, Plaintiff states as follows:

37.     Plaintiff LEWIS re-alleges and adopts as if fully set forth in Count I, the allegations of paragraphs 1 through 36.

38.     Defendant CITY OF WEST PALM BEACH delegated its policy-making authority in the area of dealing with distraught but law-abiding citizens to the WEST PALM BEACH POLICE DEPARTMENT.   The sworn and unsworn law enforcement officers employed by the WEST PALM BEACH POLICE DEPARTMENT acted under the direction and control of Defendant CITY OF WEST PALM BEACH and pursuant to the official policy or the practice, custom and usage of CITY OF WEST PALM BEACH, or as a result of the lack of official policy.

39.     Acting under color of law, by and through the policymakers of Defendant CITY OF WEST PALM BEACH and pursuant to either official policy or the practice,

custom, and usage of Defendant CITY OF WEST PALM BEACH, policymakers within WEST PALM BEACH POLICE DEPARTMENT intentionally, knowingly, recklessly, or with deliberate indifference to the rights, privileges, and immunities guaranteed by the United States Constitution, failed to instruct, supervise, control and/or discipline, on a continuing basis, its agents, servants, and employees, so as to prevent the unlawful use of excessive deadly force of Plaintiff, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

40.    Defendant CITY OF WEST PALM BEACH, had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline its agents and/or employees on a continuing basis, should have had knowledge of the wrongs that were done, as heretofore alleged, or that other unlawful or unconstitutional acts were going to be committed.  Defendant CITY OF WEST PALM BEACH had power to prevent or aid in the prevention of the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the constitutionally protected right of others, failed or refused to do so.

41.    Defendant CITY OF WEST PALM BEACH directly or indirectly, under color of law, approved or ratified the unlawful and deliberately indifferent conduct heretofore described.

42.    The official policy, or the lack of necessary policies, and/or the practice, custom, and usage of Defendant CITY OF WEST PALM BEACH caused the deprivation of DONALD GEORGE LEWIS' constitutionally protected rights contrary to the United States Constitution and 42 U.S.C. § 1983.

43.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, DONALD GEORGE LEWIS suffered grievously, before he was brutally and maliciously restrained and killed by the Defendants.

44.     As a further direct and proximate result of the conduct of Defendant CITY OF WEST PALM BEACH, Plaintiff LEWIS suffered mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff, LEWIS, will suffer the losses in the future, in violation of Plaintiff LEWIS', civil rights. Plaintiff LEWIS, has agreed to pay the undersigned counsel a reasonable fee for their services herein.

**WHEREFORE**, Plaintiff LEWIS prays:

   a.   Judgment for compensatory damages in excess of $75,000.00 dollars;

   b.   Judgment for exemplary damages;

   c.   Cost of suit;

   d.   Reasonable Attorney's fees, pursuant to 42 U.S.C. § 1988;

   e.   Trial by jury as to all issues so triable; and

   f.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## WRONGFUL DEATH – F.S. 768.16-768.21 CLAIM
## DEFENDANTS CITY OF WEST PALM BEACH, FLORIDA and DEFENDANTS LANGLEY, JEFFREY and RAGSDALE

45.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 36, above, as though fully set forth therein.

46.     This is an action for wrongful death under Florida law [F.S. §§ 768.18-768.21]. Defendant CITY OF WEST PALM BEACH, FLORIDA is named as required by F.S. § 768.28.

47.     As a direct and proximate result of the conduct of Defendants, SHAW; ROOT; MAALE; LUKE; DUNN and LANGLEY; JEFFREY and RAGSDALE, as set forth above, LEWIS died on October 19, 2005.

48.     At the time of his death, LEWIS left behind survivors and beneficiaries under Florida's Wrongful Death Act, his estate, his wife, LESLIE LEWIS and his parents, LINDA LEWIS and MARK E. LEWIS.

49.     Counsel for the Plaintiff would affirmatively assert and certify they have complied with all requirements of Florida Statutes in that the undersigned counsel has conducted a reasonable investigation of the facts surrounding the allegations of violation of the Florida Wrongful Death Statute and that as a result, undersigned counsel has a good faith belief that more than sufficient grounds exist for an action against each named defendant.

WHEREFORE, Plaintiff demands judgment and damages against Defendants, CITY OF WEST PALM BEACH, FLORIDA; LANGLEY; JEFFREY and RAGSDALE including damages for the past and future loss of support and services, past and future lost parental companionship, instruction and guidance and the past and future mental pain and suffering of parents, medical and funeral expenses, loss of net accumulation by the Estate and any other damages recoverable under Florida law. Plaintiffs demand a trial by jury of all issues so triable.

15

## COUNT III

## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. 1983
## AGAINST DEFENDANTS SHAW; ROOT; MAALE; LUKE; and DUNN in their individual capacities

50.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 36, above, as though fully set forth therein.

51.     Defendant Officers SHAW, ROOT, MAALE, LUKE and DUNN, by direct act, personally participated in the restraint and detention of LEWIS in a manner, which constituted an excessive and thus unreasonable use of force under the standards set fort in the Fourth Amendment of the United States Constitution.

52.     The conduct of Defendant Officers SHAW, ROOT, MAALE, LUKE and DUNN towards LEWIS as outlined herein, was an objectively unreasonable use of excessive force and violated LEWIS' clearly established rights to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

53.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, LEWIS suffered grievously, with great humiliation, mental and physical pain and suffering and ultimately resulting in his death at the hands of Defendants SHAW, ROOT, MAALE, LUKE and DUNN.

54.     As a further direct and proximate result of the conduct of the Defendant Officers SHAW, ROOT, MAALE, LUKE, and DUNN as outlined herein, LEWIS' survivors, including his parents, have lost his support and services, his companionship, instruction and guidance and have incurred great mental pain and suffering, which losses will continue into the future. LEWIS' Estate has lost the net accumulations and value of

16

his earnings and earning capacity, and the survivors and/or the Estate have incurred medical and funeral expenses.

Plaintiff has agreed to pay the undersigned counsel a reasonable fee for their services herein.

WHEREFORE, Plaintiff LEWIS prays:

    a.  Judgment for compensatory damages;

    b.  Judgment for exemplary damages;

    c.  Cost of suit;

    d.  Reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

    e.  Trial by jury on all issues so triable; and

    f.  Such other relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 1st day of December, 2006

Matthew P. Farmer, Esquire, Trial Counsel
Florida Bar No.: 793469
Farmer & Fitzgerald
708 E. Jackson St.
Tampa, FL 33602
(813) 228-0095
Fax (813) 224-0269
*Attorney for Plaintiff*

17

§JS 44   (Rev. 11/05)

CIVIL COVER SHEET   06 - 81139

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

LINDA LEWIS, as mother and personal representative of the Estate of her son, Donald George Lewis, deceased,

(b) County of Residence of First Listed Plaintiff   Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Matthew P. Farmer, Esq., Trial Counsel
708 E. Jackson Street
Tampa, FL 33602

### DEFENDANTS   CIV-HURLEY

City West Palm Beach, FL; Raymond Shaw; Robert L. Root, III; Randall Maale; Thelton Luke; Audrey Dunn; Langley Productions,

County of Residence of First Listed Defendant   Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

UNKNOWN

(d) Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☑ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

42 U.S.C. §1331 and §1343,

LENGTH OF TRIAL via _____ days estimated for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE

FOR OFFICE USE ONLY

AMOUNT 350.00   RECEIPT # 95135?   IFP

12/11/06